UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SCOTT A. MERRITT,

        Plaintiff,                       Case No. 1:23-cv-11348

v.                                              Honorable Thomas L. Ludington
                                                      United States District Judge
SANTANDER CONSUMER USA, et al.,

                                                   Honorable Patricia T. Morris

        Defendants.                  United States Magistrate Judge
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANT SANTANDER'S MOTION TO DISMISS IN PART, AND TRANSFERRING CASE TO THE EASTERN DIVISION OF THE NORTHERN DISTRICT OF ILLINOIS**

On June 6, 2023, *pro se* Plaintiff Scott Merritt sued (1) Santander Consumer USA, Inc. ("Santander"); (2) Ogden Lincoln of Westmont Illinois ("Westmont Lincoln"); and (3) Marc Lozzo, the owner of Westmont Lincoln. ECF No. 1. Plaintiff's claims arise out of his purchase of a 2014 Land Rover from Westmont Lincoln on August 21, 2019. *Id.* at PageID.7, 18. Plaintiff does not identify distinct claims within his Complaint but, instead, when prompted to articulate his basis for federal question jurisdiction, lists (1) statute of frauds, (2) deceptive practices, (3) interstate commerce, (4) bad faith, and (5) conspiracy to commit fraud. *Id.* at PageID.4.

On June 8, 2023, all pretrial matters were referred to Magistrate Judge Patricia T. Morris. ECF No. 5. On August 25, 2023, Defendant Santander filed a motion to dismiss, arguing (1) improper venue, because no Defendant resides in Michigan and the transaction occurred in Illinois; (2) Plaintiff's claims are subject to mandatory arbitration; and (3) the Complaint does not allege an intelligible claim against Defendant Santander. ECF No. 21 at PageID.139–45.

Accordingly, on November 8, 2023, Judge Morris issued a report (R&R) recommending this Court partially grant Defendant Santander's Motion to Dismiss and transfer the case to the

Northern District of Illinois, Eastern Division because (1) "Plaintiff's complaint avers that none of the Defendants reside in this district but rather that Defendant Santander resides in Dallas, Texas,[1] and the other two Defendants reside in Westmont, Illinois,"[2] ECF No. 35 at PageID.196–7 (citing ECF No. 1 at PageID.2–3); and (2) Plaintiff has not "alleged that any of the facts, events, or omissions that form the basis of his lawsuit occurred in this [D]istrict, rather they occurred in Westmont, Illinois." *Id.* at PageID.197. Judge Morris provided the Parties 14 days to object, but the Parties did not do so. Thus, they have therefore forfeited their right to appeal Judge Morris' findings. *See Berkshire v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). There is no clear error in the Report.

Accordingly, it is **ORDERED** that Magistrate Judge Morris's Report and Recommendation, ECF No. 35, is **ADOPTED.**

Further, it is **ORDERED** that Defendant Santander Consumer, Inc.'s Motion to Dismiss, ECF No. 21, is **GRANTED IN PART,** to the extent it asserts improper venue.

Further, it is **ORDERED** that the Clerk of the Court is **DIRECTED** to transfer the above-captioned case to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: December 1, 2023    s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

[1] According to Plaintiff's Complaint, Defendant Santander is incorporated in Texas and has its principal place of business in Illinois. ECF No. 1 at PageID.4. But Defendant Santander, in its Motion to Dismiss, stated that the reverse is true—Santander is incorporated in Illinois but has its headquarters in Texas. ECF No. 21 at PageID.138.

[2] According to Plaintiff's Complaint, Defendant Westmont Lincoln is incorporated and has its principal place of business in Illinois. ECF No. 1 at PageID.5. And although Defendant Mark Lozzo appears to be an individual and the owner of Westmont Lincoln, Plaintiff alleges that he is incorporated and has his principal place of business in Illinois. *Id.*